**Millard F. WALTZ, Plaintiff,**

v.

**TRAVELERS INSURANCE COMPANY and Mrs. Paul M. Thompson, et al., Defendants.**

**Civ. A. No. 1650.**

United States District Court, M. D. Tennessee, Nashville Division.

Sept. 30, 1954.

466

Sims Crownover, Atty., Nashville, Tenn., for plaintiff.

James I. Vance Berry and Hume, Howard, Davis & Boult, Attys. Nashville, Tenn., for defendant Travelers Ins. Co.

Robert W. Sturdivant, Atty., Nashville, Tenn., for defendant Mrs. Paul M. Thompson.

William H. Crabtree, Atty., Nashville, Tenn., Guardian ad Litem for defendant Paul Millard Thompson.

DAVIES, District Judge.

The above entitled cause was heard before the Court on July 29, 1954.

The cause was submitted upon the pleadings, evidence, exhibits, and argument of counsel for plaintiff and defendants, and, after due consideration thereof, the Court enters its Findings of Fact and Conclusions of Law, as follows:

## Findings of Fact

1. The two policies of insurance involved in this case were issued to the plaintiff, Millard F. Waltz, by the Travelers Insurance Company of America. They are policies No. 893720 and 994029. The first of these policies was issued to the plaintiff in 1923 and the second in 1924. The plaintiff was in military service during those years and was stationed in the State of Texas.

2. The defendant, Mrs. Paul M. Thompson, is the daughter of plaintiff and his former wife, Rhoda E. Waltz. The minor defendant, Paul Millard Thompson, is the son of Mrs. Paul M. Thompson.

3. The original sole beneficiary of these policies was Rhoda E. Waltz, the former wife of the plaintiff. The plaintiff paid the premiums on the policies until 1944, when they were converted into paid-up insurance.

4. In 1943, the plaintiff was stationed at Camp Forrest, Tennessee, as commanding officer. Domestic difficulties developed between him and Rhoda E. Waltz, and the latter went to live in Columbus, Ohio.

5. On November 23, 1943, the plaintiff entered into a post-nuptial agreement with Rhoda E. Waltz. Said agreement is in evidence, and the plaintiff has admitted executing it. This agreement provides as follows:

"This agreement made and entered into this 23rd day of November, 1943, by and between Millard F. Waltz, Party of the First Part, and Rhoda E. Waltz, Party of the Second Part, husband and wife, Witnesseth:

"Whereas, unfortunate differences have arisen between the parties hereto which have brought about a separation between them and they have agreed that they will no longer live together as husband and wife, and

"Whereas, the parties hereto desire to settle their financial affairs as authorized by law.

"Now, therefore, the parties hereto mutually agree as follows:

"The party of the first part represents that his entire estate consists of the following:

| | | |
|---|---|---:|
| "1. | Cash in banks | $5450.00 |
| "2. | War bonds, present value | 1875.00 |
| "3. | Bonus from United States Government | 1450.00 |
| | Total | $8775.00 |
| "4. | Household goods | |
| "5. | Full life policy Travelers Insurance Company of Hartford Connecticut, dated May 1, 1923, $10,000. Full life policy Travelers Insurance Company of Hartford Connecticut dated March 12, 1924, $7500. Cash surrender value of both policies approximately | $10,000.00 |
| "6. | Penn Mutual Life Insurance Company, 23 year life policy dated March 23, 1937 | 2,500.00 |

"As settlement the party of the first part agrees to give to the party of the second part, the following:

| | | |
|---|---|---:|
| "1. | Cash | $2,500.00 |
| "2. | War Bonds, present value | 1,875.00 |
| "3. | The two policies in the Travelers Insurance Company of Hartford Connecticut. Said two policies shall be converted into a paid up policy with named beneficiaries in the following order: The party of the second part herein, Mrs. Paul M. Thompson, the daughter of the parties hereto, and Paul Millard Thompson, the son of Mrs. Paul M. Thompson. The amount due on the paid up policies, by agreement between the parties hereto and the Travelers Insurance Company shall be paid at the death of the party of the first part in monthly installments to the | |

above named beneficiaries, as their interests may appear. This agreement as to said beneficiaries shall be irrevocable so far as party of the first part is concerned.

"The party of the first part will also give to party of the second part all the household goods and deliver the same to any place designated by party of the second part.

"The party of the second part agrees that the party of the first part shall have all the remaining assets.

"The party of the first part further agrees to send a check for the $2500.00 above mentioned, said war bonds and said two insurance policies, to the party of the second part, immediately upon the signing of this agreement, to her address at 3143 N. High Street, Columbus, Ohio.

"The party of the first part agrees, in addition to the foregoing, to pay the party of the second part $150.00 per month for and during the period of her natural life, the first payment shall be made December 1st, 1943, and a like amount on the 1st day of each month thereafter.

"In consideration of the mutual covenants herein contained, each of the parties hereto hereby releases the other party of all claims they each may have against the other growing out of the marriage relation, except as herein stated, and each will sign such instruments as may be necessary to carry this agreement into effect.

"It is further agreed that this instrument, or the substance thereof, may be carried into any decree which may be made in any Court to terminate the marriage contract existing between the parties hereto.

"In witness whereof, the parties hereto have set their hands on the day and year first hereinbefore written.

"Executed in Duplicate.
"Witnesses as to the signature of Milla*ge* F. Waltz

"Benjamin Axleroad        "Millard F. Waltz
"Claudine L. Stribling

"Witnesses as to the signature of Rhoda E. Waltz

"Lena  Lopper              "Rhoda E. Waltz
"Virginia W. Dysart        "Party of the Second Part"

6. Pursuant to this contract the policies were delivered to Rhoda E. Waltz. And pursuant to this contract the policies bear an endorsement coverting them into paid-up policies in the amounts of $4,583 and $6,280 respectively.

7. Following the execution of this agreement, Rhoda E. Waltz obtained a divorce from plaintiff in the courts of Ohio. The plaintiff was served with process by publication. The post-nuptial agreement was made a part of the decree of divorce, and the plaintiff has admitted receiving a certified copy of said decree, which was dated April 20, 1944. A copy of said decree was also furnished to the Travelers Insurance Company.

8. Subsequent to executing the post-nuptial agreement, and pursuant thereto, plaintiff executed an endorsement which has been made a part of the policies of insurance as follows:

"If the beneficiary shall survive the Insured, the Company shall, immediately on receipt of due proof of the death of the Insured, convert the proceeds into a monthly life income for the Beneficiary. The amount of such income shall be determined by the following table and the first payment thereof shall be made to the Beneficiary immediately on conversion.

"If the Beneficiary shall die after receiving one or more payments of the monthly life income, the Company shall, at the death of the Beneficiary, pay the excess, if any, of the proceeds over the sum of the payments of the monthly life income theretofore made, in one sum to

Ethel E. Thompson, daughter of the Insured, if living," (that was Mrs. Paul M. Thompson) "otherwise to the executors or administrators of the Beneficiary.

"If the Beneficiary shall die before receiving the first payment of the monthly life income, the Company shall, immediately on receipt of due proof of the death of the Insured, pay the proceeds in one sum to Ethel E. Thompson, daughter of the Insured, if living, otherwise to the executors or administrators of the Insured."

9. On June 30, 1944, plaintiff was married to his present wife, Irene E. Waltz.

10. Rhoda E. Waltz died on September 21, 1951. At that time the policies of insurance were in her possession. They are now in the possession of the defendant Mrs. Paul M. Thompson. They have not ever been returned to the possession of the plaintiff since he delivered them to Rhoda E. Waltz pursuant to the agreement.

11. After the death of Rhoda E. Waltz, and on or about May 5, 1952, plaintiff requested the defendant, Travelers Insurance Company, to change the primary beneficiary under the policies to his present wife, with the contingent beneficiary being Ethel E. (Mrs. Paul M.) Thompson.

12. The defendant insurance company refused to permit the change of beneficiary without the consent of Mrs. Paul M. Thompson and her son, Paul Millard Thompson. The defendant insurance company received notice from Mrs. Paul M. Thompson that she would not consent to this change either on behalf of herself or on behalf of her son.

## Conclusions of Law

1. This court has jurisdiction on the grounds of diversity of citizenship between the plaintiff and the Travelers Insurance Company of America, the original parties hereto. The amount in controversy exceeds $3,000 exclusive of interest and costs. The Court further finds that the defendant Travelers Insurance Company of America was faced with conflicting claims to the policies of insurance and that therefore it was proper for said defendant to file a counterclaim in the nature of defensive interpleader, as provided in Title 28, section 1335, of the United States Code.

2. The post-nuptial agreement entered into between plaintiff and his former wife on November 23, 1943, is clear and unambiguous insofar as the rights of the plaintiff are concerned. The agreement provides that it shall be irrevocable as to the plaintiff and by executing it the plaintiff surrendered his right to further change the beneficiaries to the policies of insurance involved in this litigation.

3. Although the endorsement entered on the policies at plaintiff's request failed to mention the interest of the minor, Paul Millard Thompson, his rights were fixed and vested under the post-nuptial agreement, and are not affected by the omission of his name in the endorsement on the policies.

4. The original primary beneficiary of insurance being dead, the named beneficiaries of the policies are now Mrs. Paul M. Thompson and her son, Paul Millard Thompson, and they are co-beneficiaries, each being entitled to share in the proceeds equally if they survive plaintiff.

5. By executing the post-nuptial agreement, the plaintiff consented to its becoming a part of the decree of divorce.

6. The Ohio divorce decree is in all respects valid and binding upon plaintiff. He was properly before the divorce court by publication. He has not attacked the validity of the divorce decree in this proceeding, and would be estopped from so doing. Accordingly he cannot in this proceeding attack the property settlement which was included in said divorce decree with his knowledge and by his consent.

7. The defendant, Mrs. Paul M. Thompson, at all times herein had an insurable interest in the life of plaintiff,

her father. She acquired a vested right in the policy proceeds by reason of the post-nuptial agreement and the death of her mother.

8. Inasmuch as plaintiff has parted voluntarily with possession of the policies, he may not require the insurer to make a change in beneficiaries. Delivery of the policies to the insurer is necessary for this purpose according to the terms of the policies themselves.

9. The only contract under construction in this case is the post nuptial agreement of November 23, 1943, later made a part of the divorce decree. The contracts of insurance are not being construed. Accordingly, the law of Texas is inapplicable to this case, but the Court is of the opinion that the result herein reached would not be different under the laws of that State.

10. The plaintiff has no right to require the Travelers Insurance Company of America to change the beneficiaries of the policies of insurance herein involved.

11. Judgment will be entered accordingly.